IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2013

**IN RE: JOHNNY K. F.**

**Appeal from the Chancery Court for Hamilton County**
**No. 11A003     W. Frank Brown, III, Chancellor**

**No. E2012-02700-COA-R3-PT-FILED-AUGUST 27, 2013**

JOHN W. MCCLARTY, Judge, dissenting.

I respectfully dissent from the entirety of the majority's decision.

*Father*

The termination of Father's parental rights was based upon his alleged abandonment of the Child because he had engaged in conduct prior to incarceration that exhibited a wanton disregard for the Child's welfare. The majority held that the trial court improperly relied upon this ground of abandonment because the termination petition merely alleged abandonment for failure to visit and to submit child support. I respectfully disagree.

The trial court recognized that application of Tennessee Code Annotated section 36-1-102(1)(A)(i) to Father would be erroneous because Father had been incarcerated during the four months preceding the filing of the termination petition. The entirety of the evidence presented at trial concerned Father's conduct prior to incarceration. Father even stated,

> I lost everything, and I didn't think about nothing else. You know, I thought about, you know, how am I going to get by now. You know, I admit I didn't think about the child at the time because I knew that he was all right. I didn't know where I was going to be, so I just went back to my usual routine of doing what I always do, you know, and I messed up. I did it again.

Given these facts, I believe that the issue of abandonment for Father's wanton disregard of the Child was tried by implied consent. *See In re S.M.N.*, No. E2005-01974-R3-PT, 2006 WL 1814852, at *6-7 (Tenn. Ct. App. June 30, 2006) (holding that the issue of abandonment

pursuant to section 36-1-102(1)(A)(iv) was tried with implied consent when the parties discussed father's behavior during the four months prior to incarceration). I likewise concur with the trial court that Father's conduct exhibited a wanton disregard for the Child. Father admitted he never submitted support or established a relationship with the Child. He asserted that instead of bettering his situation, he simply returned to the same pattern of conduct once Johnny F. proved difficult to contact. Such behavior and limited interest in the Child provided clear and convincing evidence to establish a statutory ground in support of the termination of Father's parental rights.

Relative to whether termination of Father's parental rights was in the Child's best interest, a number of the factors weighed against Father. He had not made the adjustment of circumstances necessary to provide a stable home and only offered the possibility of a residence if and when he could secure his release. Tenn. Code Ann. § 36-1-113(i)(1). He never visited the Child. Tenn. Code Ann. § 36-1-113(i)(3). He had not maintained a meaningful relationship with the Child. Tenn. Code Ann. § 36-1-113(i)(4). The Child resided with relatives who were willing to adopt him. Tenn. Code Ann. § 36-1-113(i)(5). Questions remained as to whether the physical environment of Father's potential home would be safe. Tenn. Code Ann. § 36-1-113(i)(7). Father never submitted child support. Tenn. Code Ann. § 36-1-113(i)(9). Knowing that the Child was being cared for by relatives, Father resumed his destructive behavior instead of putting himself in a position in which he could adequately care for the Child. With all of these considerations in mind, I would affirm the trial court's termination of Father's parental rights.

*Mother*

The termination of Mother's parental rights was based upon her alleged severe abuse of the Child and the persistence of conditions which led to removal. The majority held that there were "significant errors" in Mother's trial concerning her alleged severe abuse, namely that Kayla F. testified even though she had not been sequestered and that there was "confusion" at trial concerning which medical records would be admissible.

I respectfully disagree with the majority's decision to disregard the testimony of Kayla F. and would uphold the consideration of the testimony because any violation of Rule 615 was minor and did not cause prejudice. *See generally State v. Reid*, No. M2011-02753-CCA-R3-DD, 2008 WL 23021393, at *45 (Tenn. Crim. App. Dec. 29, 2003) (refusing to strike the testimony when the violation was minor and did not cause prejudice), *aff'd by State v. Reid*, 164 S.W.3d 286 (Tenn. 2005). Kayla F. merely confirmed what was apparent from the record and admitted by Mother, namely that Mother's dependency issues persisted.

I also respectfully disagree with the majority's decision to disregard the medical records because of the alleged confusion concerning which records were admissible. Mother was aware that the Petitioners sought termination because she had used drugs while pregnant with the Child. The petition provided, in pertinent part,

> The respondent has committed severe child abuse. During the pregnancy of the [Child], [Mother] tested positive on multiple occasions for illegal substances, to include cocaine. Following the birth of the [Child], said child tested positive for illegal substances, to include cocaine.

The evidence ultimately admitted and relied upon by the trial court related to Mother's drug use while she was pregnant. Despite the variance in the protective orders, Mother's argument that she was unprepared or surprised was disingenuous. I would hold that the court's consideration of the admissible and relevant evidence was without error. I also concur with the court's judgment that the Petitioners presented clear and convincing evidence to establish that Mother severely abused the Child by using drugs while pregnant.

I likewise concur with the court's judgment that Petitioners presented clear and convincing evidence to establish that the conditions which led to removal persisted. Mother's testimony reflected that her dependency issues had not been entirely resolved, and despite some effort, she still had not maintained stable employment or transportation. Mother relied on cleaning houses and gardening for income.

In this case, a number of the best interest factors weighed against Mother. She had not made the adjustment of circumstances necessary to provide a stable home for the Child as evidenced by her continued dependency issues and inability to obtain stable employment. Tenn. Code Ann. § 36-1-113(i)(1). She had only sporadically visited the Child. Tenn. Code Ann. § 36-1-113(i)(3). She had not maintained a meaningful relationship with the Child. Tenn. Code Ann. § 36-1-113(i)(4). The Child resided with relatives who were willing to adopt him. Tenn. Code Ann. § 36-1-113(i)(5). Questions remained as to whether the physical environment of Mother's potential home would be safe given her dependency issues. Tenn. Code Ann. § 36-1-113(i)(7). Mother never submitted child support. Tenn. Code Ann. § 36-1-113(i)(9). With all of these considerations in mind, I would affirm the trial court's termination of Mother's parental rights.

Accordingly, as I concur with the opinion of the trial court, I respectfully dissent.

_____
JOHN W. McCLARTY, JUDGE

-3-